UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAAMID DARCUIEL,<br><br>              Petitioner,<br><br>       v.<br><br>FEDERAL BUREAU OF PRISON ATWATER,<br><br>              Respondent. | Case No.: 1:14-cv-01664-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR LIBERAL CONSTRUCTION (Doc. 13) |

     Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed his filed on October 24, 2014. (Doc. 1).  On November 6, 2014, the Court ordered Respondent to file a response to the petition within sixty days. (Doc. 5).  Within that initial sixty-day period, Respondent requested a thirty-day extension that was granted on January 13, 2015. (Docs. 11; 12).  Because the first day of that thirty-day period was a Saturday and because the first Monday was a federal holiday, the Clerk of the Court correctly calculated that the response was due on February 17, 2015.  Respondent timely filed his response on that date. (Doc. 14).

     On January 23, 2015, Petitioner filed the instant motion, challenging Respondent's purported failure to timely file the response and asking therefore for habeas relief. (Doc. 13).  As discussed above, Respondent's response was timely filed.  Thus, no sanctions are warranted.  However, even if the response was untimely, the sanction Petitioner seeks, i.e., granting habeas relief, is not within the

1

Court's habeas jurisdiction.

Quite simply, there is no legal basis whatsoever for entry of a default judgment in habeas corpus cases based upon a violation of a court-imposed deadline or any other reason. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. In <u>Townsend v. Sam</u>, 372 U.S. 293, 312 (1963), the Supreme Court stated as follows: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."

Thus, the burden to show that he is in custody in violation of the Constitution of the United States *is on Petitioner*. The failure of State officials to file a timely response does not relieve Petitioner of his burden of proof. **<u>Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons</u>**. See, e.g., <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir.1990); <u>see</u> also <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner to default); <u>United States ex rel. Mattox v. Scott</u>, 507 F.2d 919, 924 (7th Cir. 1974)(holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition); <u>Bermudez v. Reid</u>, 733 F.2d 18 (2nd Cir. 1984).

### ORDER

For the foregoing reasons, the Court **ORDERS** that Petitioner's motion for liberal construction (Doc. 13), is DENIED.

IT IS SO ORDERED.

Dated:  **August 26, 2015**          /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE