UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAAMID DARCUIEL,<br><br>      Petitioner,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS ATWATER,<br><br>      Respondent. | Case No.: 1:14-cv-01664-JLT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE CASE |

In this matter, Petitioner challenges the decision of the Bureau of Prisons not to place him in a halfway house at the end of his sentence. However, because it appears Petition has been released from custody, the Court **ORDERS** the petition **DISMISSED as MOOT**.

I.     **PROCEDURAL HISTORY**

The Court learned that Petitioner had been released from Respondent's custody on March 11, 2015. Since the only issued raised in the petition is Petitioner's placement immediately prior to the completion of his sentence, it thus appeared that the petition was moot and should be dismissed. Accordingly, on November 6, 2015, the Court issued an Order to Show Cause why the petition should not be dismissed as moot. (Doc. 18). That order gave the parties thirty days within which to file a response. To date, neither party has filed a response. Moreover, the Order to Show Cause sent to Petitioner was returned to the Court marked "Undeliverable, no longer at facility" on November 20, 2015.

## II. DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>N.A.A.C.P., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241 (1937).

As mentioned, the only issue in the petition concerned Petitioner's placement prior to his release from custody. It now appears that Petitioner has been released from custody. Hence, the issue raised in the petition no longer involves a case or controversy and is, therefore, moot.

### ORDER

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** as **MOOT**;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file;
3. No certificate of appealability is required.

IT IS SO ORDERED.

Dated: **January 28, 2016**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE